UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Renee Dzikowski<br><br>          Plaintiff,<br>v.<br><br>Academy Collection Service, Inc.<br><br>          Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This story starts in the infancy of the United States. Debtor prisons are plentiful. Prison cells are unheated, small and cramped. Prisoners die. Jail time isn't limited to the so-called "deadbeat." Charles Goodyear and Robert Morris are imprisoned.

The Federal Government eliminates debtor prisons in 1833, with most states following suit. However, the degradation of the individual who allegedly owes a debt continues. While physical imprisonment is eliminated, psychological abuse of the alleged debtor is not.

It is 1977. There is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Congress is concerned that abusive debt collectors contribute to the number of personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Representative Frank Annunzio states during debate, "every individual, whether or not he owes the debt, has a right to be treated in a reasonable and civil manner." The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") is signed into law on September 20, 1977.

Thirty years later in December, 2007, Defendant Academy Collection Service, Inc. ("Academy") violates the FDCPA and Plaintiff Renee Dzikowski's right to privacy in its collection of a debt allegedly owed by Renee.

## CHAPTER 1

2. Renee, along with her husband, Dan and their two young children, Jacob and Jonathon, live in a little town in Indiana, Pennsylvania. Renee is a stay at home mom and Dan works part time for the local radio station as a news broadcaster. They are renting Dan's Great Aunt's house until they can afford to live on their own.

3. Academy, a debt collector, was founded in 1971. It was incorporated in Pennsylvania in 1976. Academy's main office is located at 10965 Decatur Road in Philadelphia. Academy has three call centers. Two are located in Philadelphia, with the other in Las Vegas.

## CHAPTER 2

4. Some time ago, Renee, for her personal use, applied for and received a credit card issued by Citibank.

5. Renee and Dan ran into financial difficulties with the loss of Dan's job. They decided to relocate and moved to Indiana, Pennsylvania. Dan has family in Indiana and was able to secure a job, albeit part time.

## CHAPTER 3

6. It is December 6, 2007. An employee of Academy, who identifies herself only as "Ellen", calls Renee's parents in Florida and leaves a message on their answering machine. Ellen says she is from the "Law Office of Aaron Dugan" and to please call her back regarding Mrs. Renee Dzikowski.

-2-

## CHAPTER 4

7. An unknown employee of Academy calls Renee's parents on December 7th. This time they speak to Renee's mom, Mona McBride. Mona is told that the caller is from the "Law Office of Aaron Dugan" and they were filing 8 against her daughter. Believing the calls are from a lawyer, Mona, who suffers from a heart condition, is upset and scared. The caller discloses Renee's personal account information and that Renee owes Citicard $9,000.

## CHAPTER 5

8. One week after the first call to Renee's parents' house, Renee receives a call in the afternoon of December 13, 2007. It is Sue from Academy. She refuses to disclose her last name. Sue claims she is representing the" Law Office of Aaron Dugan." Renee asks where the office is located. Sue says Philadelphia. Renee's mother was told that Mr. Dugan's office was located in West Palm Beach, Florida.

Sue tells Renee that Aaron Dugan is going to sue her. Sue discloses that she spoke with Renee's parents. Sue says, "I assume you don't have a good relationship with your father, because he couldn't give me any information on your account." Sue is yelling and speaks with a nasty tone. Sue wants to know Renee's living situation and whom she is living with. Sue asks why Renee opened up a credit card when she had no intention of paying it back. Renee says that "isn't true." Sue tells Renee she owes over $10,000. Renee asks, "how can that be, I only had a $5,000 limit." Sue doesn't answer the question. Renee tells Sue that her mother is willing to help out and pay $20 a month. Sue says she won't accept anything less than 10% down. Renee explains to Sue that her youngest son, Jonathan, was in the emergency room the night before and to please stop harassing her.

-3-

## CHAPTER 6

9.   It is December 21, 2007, 8:25 am. The phone rings. Renee picks it up. "This is David Collins, I am calling from the legal department of Citibank." In reality, the caller is an employee of Academy. Renee explains that her mother is willing to help her and can pay $20 per month. David Collins says he cannot accept that amount, but would accept $540. Renee tells Mr. Collins that they cannot afford $540 per month. Collins puts Renee on hold and transfers the call.

Sarah Sullivan gets on the line She identifies herself as the "Citibank liaison." Sarah is yelling, "Why do you think this okay?"

*Renee*: "Excuse me"

*Sarah*: "I honestly want to know why do you think this is okay?"

*Renee*: "Why do I think what is okay?"

*Sarah*: "You got everything you wanted. $10,000 worth of stuff and now you don't have any intent to pay it off!".

*Renee*: "My husband has been out of work for most of this year. He got a job at the end of September and its only part-time. We're barely making rent and the immediate bills right now. We never borrowed $10,000 worth of credit."

## CHAPTER 7

10.   Renee is distraught. She is losing sleep wondering how she can get sued for what her family doesn't have. As a result of Academy's actions, Renee suffers from emotional distress. She is angry, anxious, fearful, frustrated, upset, humiliated and embarrassed. Her right to privacy has been invaded.

## CHAPTER 8

11. The calls are collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§

*ILLEGAL CONTACTING OF THIRD PARTIES*

1692b(2) (contact of third party: stated that the consumer owes any debt);

*PROHIBITED COMMUNICATION PRACTICES*

1692c(b) (contact with anyone except the consumer, consumer's attorney, or credit bureau concerning the debt);

*HARASSMENT OR ABUSE*

1692d (any conduct the natural consequence of which is to harass, oppress, or abuse any person);

*FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS*

1692e (any false, deceptive, or misleading representation or means in connection with debt collection);

1692e(3) (falsely implying that any individual is an attorney or that any communication if from an attorney);

1692e(5) (threaten to take any action that cannot legally be taken or that is not intended to be taken);

1692e(10) (any false representation or deceptive means to collect a debt or obtain information about a consumer);

1692e(14) (any name other than the true name of the debt collector's business); and

*UNFAIR PRACTICES*

1692f (any unfair or unconscionable means to collect or attempt to collect the alleged debt.

# CHAPTER 9

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

12. Renee incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

14. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

# CHAPTER 10

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

Case 2:08-cv-00159-DSC Document 1 Filed 02/04/08 Page 7 of 7
Case 2:05-mc-02025 Document 142 Filed 02/04/2008 Page 7 of 7

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff.

Date:

Respectfully submitted,

**JEFFREY L. SUHER, P.C.**

By: **s/Jeffrey L. Suher**
Jeffrey L. Suher, Esq.
Attorney I.D.#74924
4328 Old William Penn Highway, Suite 2J
Monroeville, PA 15146
Telephone: (412) 374-9005
Facsimile: (412) 374-0799
lawfirm@jeffcanhelp.com

**Attorney for Plaintiff**